IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MARK O'NEILL, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160260C |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appealed Defendant's Notice of Assessment, dated April 15, 2016, for the 2012

tax year. A trial was held in the courtroom of the Oregon Tax Court on March 10, 2017.

Plaintiff appeared *pro se* and testified. Michele Engel of Defendant's Audit Unit appeared and

testified on behalf of Defendant. The court sustained Defendant's objection to the admission of

Plaintiff's unlabeled exhibit, which was not exchanged before trial as required by Tax Court

Rule – Magistrate Division 12 C. Defendant's Exhibits A, B, and C were admitted without

objection.

## I. STATEMENT OF FACTS

During the tax year in question, Plaintiff sold products to hair salons on behalf of his

employer. He drove extensively throughout southern Oregon, as well as making regular trips to

Portland for meetings. He testified that he drove 50,239 miles for business purposes in 2012 and

incurred $465 in unreimbursed entertainment expenses.

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered March 22, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiff claimed an employee business expense deduction based on a $27,883 vehicle expense and a $233 meals and entertainment expense. (Def's Ex B-6.) Defendant disallowed the entire deduction.

## II. ANALYSIS

The issue in this case is whether Plaintiff may be allowed a deduction for his mileage and entertainment expenses.[2]

Oregon taxes the "taxable income" of its residents, and Oregon law incorporates the federal Internal Revenue Code (IRC) in its definition of taxable income. ORS 316.037; 316.022(6).[3] Under IRC section 162(a), taxpayers are allowed to deduct the ordinary and necessary expenses of carrying on their trade or business.

Taxpayers are generally required to keep sufficient records to substantiate all the amounts claimed on their tax returns. Treas Reg § 1.6001−1; IRC § 6001. Beyond that general recordkeeping requirement, deductions for certain kinds of expenses are subject to heightened substantiation requirements. IRC § 274(d). Expenses subject to heightened substantiation include expenses of passenger automobiles and expenses from activities generally considered to constitute "entertainment, amusement, or recreation." IRC §§ 274(d); 280F(d)(4). No deduction is allowed for such expenses "unless the taxpayer substantiates by adequate records or by sufficient evidence *corroborating the taxpayer's own statement*" the amount, time and place, business purpose, and business relationship to any beneficiary of the expenditure. IRC § 274(d). (Emphasis added.) Thus, a deduction cannot be allowed unless there is additional evidence beyond "the taxpayer's own statement."

---

[2] In describing the issues before trial, Plaintiff stated that he had incurred some unspecified expenses for office supplies. No such expenses were claimed on Plaintiff's return, and Plaintiff did not present any admissible evidence of them at trial. (*See* Ex B-6.) The court considers Plaintiff to have waived the issue of office expenses.

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

Treasury regulations spell out in more detail the kinds of documentation that employees must keep to deduct their unreimbursed vehicle and entertainment expenses. *See* Treas Reg §§ 1.162–17; 1.274–5T. Taxpayers are required to keep an "account book, diary, log, statement of expense, trip sheet, or similar record." *See* Treas Reg § 1.274–5T(c)(2)(ii). Such a record should be made "at or near the time of the expenditure" and should be sufficient to show "the amount, time, place, and business purpose of the expenditure and business relationship." *Id.* For automobiles, the appropriate measure of the amount of business use is mileage. Treas Reg § 1.274–5T(b)(6)(i). Where adequate records were not kept, expenses may be corroborated by other evidence, such as the written statements or oral testimony of witnesses. Treas Reg § 1.274–5T(c)(3)(i). Where records were lost through circumstances beyond the taxpayer's control, the taxpayer may provide a "reasonable reconstruction" of the expenditures or use. Treas Reg § 1.274–5T(c)(5).

Here, Plaintiff did not introduce any admissible documentation of expenses—neither records nor a reasonable reconstruction of lost records. Plaintiff in his testimony did not provide specific information about the amounts, times, and places of each of his business trips and other expenses. Plaintiff did not call any witnesses to support his testimony. Plaintiff's evidence does not establish that he is entitled to a deduction for passenger automobile and entertainment expenses. *See* IRC § 274(d).

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Because Plaintiff did not introduce any evidence to corroborate his testimony regarding automobile and entertainment expenses, he did not meet the substantiation requirements of IRC section 274(d). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ＿＿ day of April 2017.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on April 10, 2017.*